# JOSÉ ROMERO FERNANDEZ
## v.
# JAIME CALAF ET AL.

---

San Juan, Law, No. 922.

Foreign Title—Proof.

    1. Title is a question of law, and must be decided by the court. The fact that each side introduces illegal proof of title does not relieve the court from its duty to decide the title according to law.

Same—Surveyor.

    2. In Latin-American countries certificates of officials have a higher weight than at common law; but the court must be governed by proven laws, and not by certificates.

New Trial—Limiting Issue.

    3. *Quære* as to whether a Federal court upon a new trial can limit the issues to questions not settled at the first trial.

Opinion filed February 21, 1914.

*Mr. E. B. Wilcox* for plaintiff.

*Messrs. F. H. Dexter, Chas. Hartzell,* and *Nava & Dominguez* for defendants.

HAMILTON, Judge, delivered the following opinion:

This case comes up upon a motion for a new trial made on the part of the defendants. This has been argued from different points of view. One ground mentioned and now urged for the first time in the case is that the plaintiff was not in condition to sue, because he had not obtained the title, and so was not in condition to make a title. This cannot be considered at the present time. It might possibly be a proper ground—upon which I do not pass, however—for a demurrer or for a charge to the jury, but it cannot be raised for the first time after the case has gone to the jury and been decided.

One matter that has been discussed in the argument is that the defendants are committed to the plaintiff's theory of evidence of title, because the plaintiff introduced in evidence the opinions of eminent lawyers, and the defendant not only cross-examined them, but introduced some similar evidence for themselves. This, however, would not be controlling on the court. It may be that the parties, as is often said, can try their case on secondary evidence if they see fit, but in this particular case there was secondary evidence on both sides, and the court could not say, even taking such evidence, that there was a preponderance of evidence in favor of the plaintiff on the question of title; and then, again, these opinions of lawyers are valuable just so far as they are founded upon the law. They purport to quote

Fernandez v. Calaf.

the law, but the court does not think it could substitute the opinions of lawyers, even if the counsel in the particular case agreed upon it, for its own opinion as to what the law of the case is. If there is a stipulation in writing that it should be decided by the opinions of other lawyers, that might be another thing. But there is no such thing in this case. It is simply that each side has taken the opinions of foreign lawyers on foreign law, and the court does not think it could be bound by such practice. Every case has an element of fact and an element of law, and, however difficult they may be, one has to be determined by the jury and the other by the court, unless there is some stipulation, to which the court shall also assent, providing for some other decision. The question how to decide foreign laws is not without difficulty, but the point is in some shape a question of the proof of these foreign laws. They are accessible, and it is only a question of getting them here. The court would not be willing to go ahead and make a binding decision upon the meager showing of law that is before it. The charge of the court in this case was predicated upon the idea that the laws would be shown to the court upon an application for a new trial. The only thing shown is certain statements in depositions, which is not the way to establish foreign law, and the civil code of Santo Domingo, which, so far as shown to the court, does not relate to the question of title.

It has been said, however, that certain certificates, for instance, of a surveyor, show where the title lies until contradicted by some other evidence. It is unquestionably true that in all Latin-American countries certificates of officials have a higher weight than at common law. At common law the rights of in-

Fernandez v. Calaf.

dividuals seem to be left more largely to individual initiative, are not so much controlled by officials. The difference between the two systems exists. It is immaterial which is the preferable system. It may well be that there is something in the argument, but back of the certificate must be the law that makes the certificate controlling; and that brings us back to the old question that the laws on the subject are not before the court. So that the certificates in question can hardly help very much under these circumstances.

It has been earnestly pressed upon the court that if the new trial should be granted, the issues should be limited to what is not disputed, and if there is any way of doing this the court would be perfectly willing. If there is anything that is settled there is no use of going through it again. As to this, however, the court would have to ask for some further authorities. What were cited were state cases; none of them apparently Federal cases, so they might be controlled by state statutes. And the principle of that suggestion would appear to run counter to the case which has been cited, of Slocum v. New York L. Ins. Co. 228 U. S. 364, 57 L. ed. 879, 33 Sup. Ct. Rep. 523, the point of that being that every question of fact must go to the jury. It cannot be determined by the court except by consent, and, until further advised, the court knows no way of separating a case into what has been already settled and what is yet to be settled. This is a suit for damages for breach of a contract, and, so far as the court can see now, the case in its entirety must be regarded as not settled or as yet to be settled, but as to that the court is perfectly open to proper citations.

The result is that the court will have to send the case back

Fernandez v. Calaf.

for a new trial. There seems to be no way out of that. And the court might as well indicate that on that new trial the question of title would have to be presented in a somewhat different manner in order to convince the court. A title to land involves two things under every system of law. The first is, it must be shown to have gotten out of the government or whoever was the primary owner, supposing it to be the government; and in the second place, that it is a good title, not a perfect title, but a good title as between individuals, a good title in the present claimant so far as regards individuals. Now that depends upon the local law of Santo Domingo, and does not depend upon the law of Porto Rico or any state of the American Union. Whatever laws govern the sale of property the court would have to see, in order to pass judgment upon them at all, and to aid the parties in that respect, the court will direct the clerk of the court to obtain as soon as possible, at the expense of the library fund, from Santo Domingo, whatever codes are now in force over there, except the Criminal Code. That would not throw any light upon the question at all. They must have something equivalent to a political code and a civil code, and perhaps some others, such as a notarial or mortgage law, or something of that sort.

The result of the whole is that the court will have to grant the motion for a new trial.